## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMANDA MCMILLAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 05cv208 (RJL) |
| | ) | |
| DONALD E. POWELL | ) | |
| Chairman, Federal Deposit Insurance | ) | |
| Corporation | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
(July ___, 2008)

Plaintiff Amanda McMillan sued defendant Donald E. Powell in his capacity as

chairman of her former employer, the Federal Deposit Insurance Corporation ("FDIC"),

for employment discrimination in violation of Title VII.  Defendant prevailed on its

summary judgment motion on November 30, 2007.  Currently before the Court is

defendant's bill of costs, consisting of the court reporter's fee for a single deposition.  For

the following reasons, defendant's request for costs is GRANTED.

## ANALYSIS

Barring statutory restrictions, prevailing parties, including the United States, are

entitled to recover costs as a matter of course.  Fed. R. Civ. P. 54(d); *Baez v. United*

*States Dep't of Justice*, 684 F.2d 999, 1004 (D.C. Cir. 1982). Courts rarely deny costs to

a prevailing party unless 1) the prevailing party's conduct has been vexatious, and 2) the

losing party is incapable of paying the costs. *Baez*, 684 F.2d at 1004. Neither situation is

present here. Defendant prevailed on its summary judgment motion through the typical

methods employed by attorneys everywhere; there was nothing vexatious about its

conduct. Also, while plaintiff is appearing *pro se*, she is not proceeding *in forma*

*pauperis* and has provided no evidence that $2,475 would be beyond her means.

Therefore, granting the defendant's request for costs is appropriate in this case.

Plaintiff argues that this outcome is barred by 42 U.S.C. § 2000e-5(k), which

states, in relevant part, "the court, in its discretion, may allow the prevailing party, other

than the Commission or the United States, a reasonable attorney's fee (including expert

fees) as part of the costs." 42 U.S.C. § 2000e-5(k). This statute bars the United States,

including defendant as chairman of the FDIC, from recovering reasonable *attorneys' fees*

in a Title VII litigation, but places no restriction on its ability to recover *costs* as the

prevailing party.[1] By the plain language of this statute, it is clear that Congress did not

intend to alter the general rule that the United States, as a prevailing party, can recover

costs, including the court reporter's fee requested in this case. Plaintiff's argument is

therefore without merit.

---

[1] Plaintiff also argues that costs can only be awarded if the plaintiff's actions were "frivolous or unreasonable." Pl. Mem. at 4. Plaintiff again inaccurately conflates attorneys' fees and costs. As the cases cited by plaintiff plainly indicate, the "frivolous or unreasonable" standard applies only to attorneys' fees, not to costs. *See, e.g., Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978) ("the question in this case is under what circumstances an *attorney's fee* should be allowed when the defendant is the prevailing party.") (emphasis added).

## CONCLUSION

For the foregoing reasons, the defendant's request for $2,475 in costs is

GRANTED.

RICHARD J. LEON
United States District Judge